THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
                                                               :
**In re:**                                                     :    Chapter 7
                                                               :
**Nassau Broadcasting I, LLC**                                 :    Case No. 11-[_____] ([__])
                                                               :
        **Alleged Debtor.**                                   :
                                                               :
                                                               :
---------------------------------------------------------------x
                                                               :
**In re:**                                                     :    Chapter 7
                                                               :
**Nassau Broadcasting II, LLC**                                :    Case No. 11-[_____] ([__])
                                                               :
        **Alleged Debtor.**                                   :
                                                               :
                                                               :
---------------------------------------------------------------x
                                                               :
**In re:**                                                     :    Chapter 7
                                                               :
**Nassau Broadcasting III, LLC**                               :    Case No. 11-[_____] ([__])
                                                               :
        **Alleged Debtor.**                                   :
                                                               :
                                                               :
---------------------------------------------------------------x
                                                               :
**In re:**                                                     :    Chapter 7
                                                               :
**Nassau Broadcasting Partners, L.P.**                         :    Case No. 11-[_____] ([__])
                                                               :
        **Alleged Debtor.**                                   :
                                                               :
                                                               :
---------------------------------------------------------------x

## DECLARATION OF BUCKLEY RATCHFORD PURSUANT TO RULE 1003(a) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

Buckley Ratchford declares and states as follows:

1. I submit this Declaration on behalf of Goldman Sachs Lending Partners LLC ("GSLP"), a petitioning creditor in the above-captioned involuntary chapter 7 bankruptcy cases filed by GSLP and other petitioning creditors against Nassau Broadcasting I, LLC and certain of its affiliates (the "Alleged Debtors"). I am authorized to execute this Declaration on behalf of GSLP. Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein. This Declaration is being submitted pursuant to Rule 1003(a) of the Federal Rules of Bankruptcy Procedure.

2. On or about August 31, 2005, the Alleged Debtors, the administrative agent, the collateral agent, and certain lenders entered into the Second Amended and Restated Credit and Guaranty Agreement, dated as of August 31, 2005 but effective as of June 30, 2005 (as amended, supplemented or otherwise modified, the "Credit Agreement"), pursuant to which the lenders agreed to amend and continue an existing term loan credit facility in an aggregate principal amount of $198,073,867.23 with Borrower as therein described.

3. By virtue of the execution of an Assignment and Assumption Agreement, effective as of January 28, 2009, Goldman Sachs Credit Partners L.P. ("GSCP"), a lender under the Credit Agreement, irrevocably sold and assigned to GSLP, for an agreed consideration, the interest in and to all of GSCP's rights and obligations under the Credit Agreement (the "Assigned Claims"). A redacted copy of the Assignment and Assumption Agreement is attached hereto as Exhibit A.

4. The Assigned Claims were not transferred for the purpose of commencing

these involuntary chapter 7 cases.

I declare under the penalty of perjury that the forgoing is true and correct, to the best of my knowledge.

Dated: This 15th day of September, 2011

By: _____
Name: Buckley Ratchford
Title: Managing Director

<u>Exhibit A</u>
Assignment and Assumption Agreement

# ASSIGNMENT AND ASSUMPTION AGREEMENT

This Assignment and Assumption Agreement (the "Assignment") is dated as of the Effective Date set forth below and is entered into by and between Goldman Sachs Credit Partners L.P. (the "Assignor") and Goldman Sachs Lending Partners LLC the (the "Assignee"). Capitalized terms used but not defined herein shall have the meanings given to them in the Credit Agreement identified below (as amended, supplemented or otherwise modified from time to time, the "Credit Agreement"), receipt of a copy of which is hereby acknowledged by the Assignee. The Standard Terms and Conditions set forth in Annex 1 hereto are hereby agreed to and incorporated herein by reference and made a part of this Assignment as if set forth herein in full.

For an agreed consideration, the Assignor hereby irrevocably sells and assigns to the Assignee, and the Assignee hereby irrevocably purchases and assumes from the Assignor, subject to and in accordance with the Standard Terms and Conditions and the Credit Agreement, as of the Effective Date inserted by the Agent as contemplated below, the interest in and to all of the Assignor's rights and obligations under the Credit Agreement and any other documents or instruments delivered pursuant thereto that represents the amount and percentage interest identified below of all of the Assignor's outstanding rights and obligations under the respective facilities identified below (including, to the extent included in any such facilities, letters of credit and swingline loans) (the "Assigned Interest"). Such sale and assignment is without recourse to the Assignor and, except as expressly provided in this Assignment and the Credit Agreement, without representation or warranty by the Assignor.

| | | |
|---|---|---|
| 1. | Assignor: | Goldman Sachs Credit Partners L.P. |
| 2. | Assignee: | Goldman Sachs Lending Partners LLC and is an Affiliate/Approved Fund of Goldman Sachs Credit Partners L.P. |
| 3. | Borrower(s): | Nassau Broadcasting I, LLC |
| 4. | Agent: | Goldman Sachs Credit Partners L.P. as agent under the Credit Agreement |
| 5. | Credit Agreement: | Second Amended and Restated Credit and Guaranty Agreement dated as of August 31, 2005, but effective as of June 30, 2005, by and among NASSAU BROADCASTING PARTNERS, L.P. ("Holdings"), NASSAU BROADCASTING I, LLC ("Company"), CERTAIN SUBSIDIARIES OF COMPANY, as Guarantors, the Lenders party thereto from time to time, and GOLDMAN SACHS CREDIT PARTNERS L.P., as Agent, Sole Lead Arranger, Sole Book Runner and Collateral Agent. |

1

6. Assigned Interest:

| Facility Assigned | Aggregate Amount of Commitment/Loans for all Lenders | Amount of Commitment/Loans Assigned | Percentage Assigned of Commitment/Loans[**] |
|---|---|---|---|
| Deferred Original Term Loans | $11,000,896.04 | $5,374,557.25 | 48.855631673% |
| Deferred New England Term Loans | $18,168,578.12 | $7,835,599.47 | 43.127202460% |
| Original Term Loans | $71,690,635.35 | $35,024,913.68 | 48.855632983% |
| New England Term Loans | $92,000,000.00 | $39,677,024.65 | 43.127200707 |

Effective Date: January 28th, 2009

| GOLDMAN SACHS CREDIT PARTNERS L.P. | GOLDMAN SACHS LENDING PARTNERS LLC |
|---|---|
| Notices: | Notices: |
| Goldman Sachs Credit Partners L.P. c/o Goldman, Sachs & Co. 30 Hudson Street, 36th Floor Jersey City, NJ 07302 gsd.link@gs.com Attention: Andrew Caditz/ Barbara Fabbri / Michelle Latzoni / Cally Hew Telephone: (212) 357-6240 Fax: (212) 428-1243 Email: Andrew.Caditz@gs.com Wire Instructions: | Goldman Sachs Lending Partners LLC c/o Goldman, Sachs & Co. 30 Hudson Street, 17th Floor Jersey City, NJ 07302 Attn: Andrew Caditz/ Stan Portyansky and Rahul Kapur Phone: 212-357-6240 Fax: 212-428-1243 Primary Email: gsd.link@gs.com Secondary Email: Andrew.Caditz@gs.com Wire Instructions: |

---

[**] Set forth, to at least 9 decimals, as a percentage of the Commitment/Loans of all Lenders thereunder.

2

The terms set forth in this Assignment are hereby agreed to:

ASSIGNOR

GOLDMAN SACHS CREDIT PARTNERS L.P.

By: _____
Title:  Wendy Myers
        Authorized Signatory

ASSIGNEE

GOLDMAN SACHS LENDING PARTNERS LLC

By: _____
Title:  Jennifer Cantu
        Authorized Signatory

Accepted:

GOLDMAN SACHS CREDIT PARTNERS L.P.,
as Agent

By: _____
Title:  Trey Woolston
        Authorized Signatory

3

ANNEX I

## STANDARD TERMS AND CONDITIONS FOR
## ASSIGNMENT AND ASSUMPTION AGREEMENT

1. <u>Representations and Warranties</u>.

1.1. <u>Assignor</u>. The Assignor (a) represents and warrants that (i) it is the legal and beneficial owner of the Assigned Interest, (ii) the Assigned Interest is free and clear of any lien, encumbrance or other adverse claim and (iii) it has full power and authority, and has taken all action necessary, to execute and deliver this Assignment and to consummate the transactions contemplated hereby; and (b) assumes no responsibility with respect to (i) any statements, warranties or representations made in or in connection with any Credit Document, (ii) the execution, legality, validity, enforceability, genuineness, sufficiency or value of the Credit Agreement or any other instrument or document delivered pursuant thereto, other than this Assignment (herein collectively the "<u>Credit Documents</u>"), or any collateral thereunder, (iii) the financial condition of Holdings, any of its Subsidiaries or Affiliates or any other Person obligated in respect of any Credit Document or (iv) the performance or observance by Holdings, any of its Subsidiaries or Affiliates or any other Person of any of their respective obligations under any Credit Document.

1.2. <u>Assignee</u>. The Assignee (a) represents and warrants that (i) it has full power and authority, and has taken all action necessary, to execute and deliver this Assignment and to consummate the transactions contemplated hereby and to become a Lender under the Credit Agreement, (ii) it meets all requirements of an Eligible Assignee under the Credit Agreement, (iii) from and after the Effective Date, it shall be bound by the provisions of the Credit Agreement and, to the extent of the Assigned Interest, shall have the obligations of a Lender thereunder, (iv) it has received a copy of the Credit Agreement and such other documents and information as it has deemed appropriate to make its own credit analysis and decision to enter into this Assignment and to purchase the Assigned Interest on the basis of which it has made such analysis and decision, and (v) if it is a Non-US Lender, attached to the Assignment is any documentation required to be delivered by it pursuant to the terms of the Credit Agreement, duly completed and executed by the Assignee; and (b) agrees that (i) it will, independently and without reliance on the Agent, the Assignor or any other Lender, and based on such documents and information as it shall deem appropriate at that time, continue to make its own credit decisions in taking or not taking action under the Credit Documents, and (ii) it will perform in accordance with their terms all of the obligations which by the terms of the Credit Documents are required to be performed by it as a Lender.

2. <u>Payments</u>. From and after the Effective Date, Agent shall make (a) all payments in respect of the Assigned Interest (including payments of principal, interest, fees and other amounts other than those specified in clause (b) below) to the Assignor for amounts which have accrued to but excluding the Effective Date and to the Assignee for amounts which have accrued from and after the Effective Date and (b) all payments in respect of the interest assigned hereby with respect to Deferred Interest to the Assignee.

4

NY484778.2/2626-00001

3. <u>General Provisions</u>. This Assignment shall be binding upon, and inure to the benefit of, the parties hereto and their respective successors and assigns. This Assignment may be executed in any number of counterparts, which together shall constitute one instrument. Delivery of an executed counterpart of a signature page of this Assignment by telecopy shall be effective as delivery of a manually executed counterpart of this Assignment. This Assignment shall be governed by, and construed in accordance with, the internal laws of the State of New York without regard to conflict of laws principles thereof.