**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: <br><br> Nassau Broadcasting I, LLC, <br><br> Debtor. | ) ) ) ) ) ) ) | Chapter 7 Involuntary <br><br> Case No. 11-12931 (KG) |
| In re: <br><br> Nassau Broadcasting II, LLC, <br><br> Debtor. | ) ) ) ) ) ) ) | Chapter 7 Involuntary <br><br> Case No. 11-12932 (KG) |
| In re: <br><br> Nassau Broadcasting III, LLC, <br><br> Debtor. | ) ) ) ) ) ) ) | Chapter 7 Involuntary <br><br> Case No. 11-12933 (KG) |
| In re: <br><br> Nassau Broadcasting Partners, L.P., <br><br> Debtor. | ) ) ) ) ) ) ) | Chapter 7 Involuntary <br><br> Case No. 11-12934 (KG) |

**JOINT MOTION OF NASSAU BROADCASTING I, LLC,
NASSAU BROADCASTING II, LLC, NASSAU BROADCASTING III, LLC
AND NASSAU BROADCASTING PARTNERS, L.P., TO CONVERT
INVOLUNTARY CHAPTER 7 CASES TO CASES UNDER CHAPTER 11 OF THE
<u>BANKRUPTCY CODE PURSUANT TO 11 U.S.C. § 706(A)</u>**

Nassau Broadcasting I, LLC, Nassau Broadcasting II, LLC, Nassau Broadcasting III, LLC and Nassau Broadcasting Partners, L.P. (collectively, the "<u>Debtors</u>"), by and through their undersigned counsel, hereby respectfully move (the "<u>Motion</u>"), pursuant to section 706(a) of Title 11 of the United States Code (as amended, the "<u>Bankruptcy Code</u>"), for the entry of an Order, substantially in the form affixed hereto, converting the above-captioned involuntary cases

#14946366 v3

(the "Cases") to cases under Chapter 11 of the Bankruptcy Code, and in support hereof, the Debtors respectfully state as follows:

**Background**

1. On September 15, 2011 (the "Petition Date"), petitioning creditors Goldman Sachs Lending Partners LLC, Fortress Credit Opportunities I LP and P.E. Capital, LLC (collectively, the "Petitioning Creditors") commenced the Cases by filing involuntary petitions (the "Involuntary Petitions") against each of the Debtors.

2. On the date hereof, each of the Debtors filed an Answer to the particular Involuntary Petition filed against it. Consistent with the instant request for conversion of these Cases to cases under Chapter 11 of the Bankruptcy Code, on the date hereof the Debtors are filing the requisite documents attendant to commencement of Chapter 11 proceedings, including Board of Director Resolutions authorizing them to proceed in and under Chapter 11, a consolidated list of the Debtors' thirty (30) largest unsecured creditors, as well as various "first day" requests for relief customary for businesses of this size and nature, enabling them to operate in Chapter 11 as debtors and debtors-in-possession.

3. Further information regarding the Debtors, including a description of their businesses and operations, pre-petition capital structure, indebtedness and the circumstances leading to the commencement of these bankruptcy proceedings, as well as facts that further support the relief requested herein, is set forth in the Declaration of Peter Tonks, Chief Financial Officer, in Support of First Day Motions (the "Tonks Declaration"), filed concurrently herewith, which is incorporated by reference as if fully set forth herein.

## Jurisdiction and Venue

4. This Court possesses jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This proceeding constitutes a core proceeding pursuant to 28 U.S.C. § 157(b). Venue lies properly with this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Request for Relief and Basis for Such Relief

5. Pursuant to this Motion, the Debtors respectfully request the entry of an Order converting these Cases to Chapter 11 cases. Section 706(a) of the Bankruptcy Code provides, in relevant part: "The debtor may convert a [chapter 7] case to a case under chapter 11 . . . of this title <u>at any time</u>, if the case has not been converted . . .". 11 U.S.C. § 706(a) (emphasis supplied). It is appropriate for the Debtors to request such relief by motion. *See* FED. R. BANKR. P. 1017(f)(2).

6. The Debtors have determined, in the exercise of their business judgment, to move to convert these Cases to cases under Chapter 11 of the Bankruptcy Code because reorganization – not liquidation – is in the best interests of the Debtors, their creditors and these bankruptcy estates.

7. The Bankruptcy Code unambiguously provides that a debtor has an extremely broad right to convert a Chapter 7 case to a case under another Chapter of the Code. *See In re Murray*, 377 B.R. 464, 470 (Bankr. D. Del. 2007) ("The policy behind section 706(a) is that the debtor should always be given the opportunity to repay his debts.") (internal quotations omitted); *accord In re Martin*, 880 F.2d 857, 859 (5th Cir. 1989) (holding courts have "broadly construed the right of a debtor to convert"); *In re Euro-American Lodging Corp.*, 365 B.R. 421, 425-26 (Bankr. S.D.N.Y. 2007) (granting conversion of Chapter 7 involuntary case to Chapter 11); *In re Interco Sys., Inc.*, 202 B.R. 188, 190 (Bankr. W.D.N.Y. 1996) ("Section 706(a) gives a Chapter 7 debtor acting in good faith the absolute right to convert to Chapter 11 if the case has

not previously been converted."). Thus, the only prerequisites for conversion of a debtor's Chapter 7 case to one under Chapter 11 are that: (i) such case has not previously been converted; and that (ii) the debtor is eligible to be a debtor under the Chapter to which it wishes to convert.

8.  The Debtors here satisfy both such requirements. These Cases were originally filed as involuntary Chapter 7 cases; they were not previously converted. There can be no dispute in this connection, and, accordingly, the first substantive requirement is satisfied.

9.  In addition, the Debtors are each Delaware business organizations and are therefore "domiciled" in Delaware. *See* 11 U.S.C. § 109(a). Furthermore, none of the Debtors are a railroad, bank or insurance company, therefore qualifying for Chapter 11 relief under sections 109(a) and (d) of the Bankruptcy Code. In view of this, the Debtors are eligible for relief under Chapter 11. The Debtors have therefore satisfied the statutory requirements for conversion pursuant to section 706(a) of the Bankruptcy Code.[1]

10.  The Debtors operate 49 radio stations in the Mid Atlantic and New England regions of the country, and they have 365 employees, in the aggregate. To be sure, a cessation of operations, and/or the negative effects of the Debtors remaining in Chapter 7, would undoubtedly impair the going concern value of the Debtors' businesses, to the detriment of the Debtors, their estates, creditors, employees, listeners and other parties in interest.

11.  Equally significant, as recently as eight weeks ago, *the Petitioning Creditors themselves and the other members of the Debtors' lender syndicate, through their*

---

[1] Importantly, the United States Supreme Court has recently recognized that the right to convert may be denied only in "extreme circumstances" involving a debtor's bad faith attempt to conceal significant assets in an effort to defraud creditors. *See Marrama v. Citizens Bank*, 549 U.S. 365, 374 (2007). Without conceding that *Marrama*, which dealt with a request to convert from Chapter 7 to a case under Chapter 13, applies to the instant request for relief under Chapter 11, to the extent that the Debtors' absolute right to convert may arguably be qualified by a showing of bad faith (which is not germane to these Cases), it is beyond cavil that none of the "extreme circumstances" of the type described in *Marrama* exist here. Nor have the Petitioning Creditors alleged the existence of bad faith in these Cases.

*agent, demanded that the Debtors file voluntary Chapter 11 cases before this Court and pursue a section 363 sale transaction for their benefit.*[2] As such, the Petitioning Creditors can hardly be heard to argue that the Debtors are not otherwise eligible to convert these Cases to ones under Chapter 11 of the Bankruptcy Code. Stated another way, the Petitioning Creditors are estopped from opposing the relief requested in this Motion, as well as from taking any other action that would foreclose or restrict the Debtors from exercising their absolute right to convert these Cases to Chapter 11 cases in order to pursue a reorganization strategy which will maximize value for <u>all</u> creditors and interested parties.

      12.      The Debtors have the right to convert these Cases to cases under Chapter 11 "at any time" under and pursuant to Code section 706(a), and they respectfully request that this Court afford them the opportunity to pursue a restructuring of their capital structure in the context of Chapter 11 of the Bankruptcy Code.

---

[2] *See* August 4, 2011 Letter from Prepetition Lenders' Agent to Debtors at p. 1, appended hereto as Exhibit "A".

#14946366 v3

WHEREFORE, each of the Debtors respectfully request that the Court enter an Order granting this Motion, converting each of the Cases to cases under Chapter 11 of the Bankruptcy Code, and granting such other and further relief in favor of the Debtors as the Court deems just and proper.

Dated: October 6, 2011
      Wilmington, Delaware

Respectfully submitted,

PEPPER HAMILTON LLP

 /s/ James C. Carignan
David M. Fournier (DE No. 960)
James C. Carignan (DE No. 4230)
Hercules Plaza, Suite 5100
1313 Market Street
P.O. Box 1709
Wilmington, DE 19899-1709
Telephone: 302.777.6500
Facsimile: 302.421.8390
fournierd@pepperlaw.com
carignaj@pepperlaw.com

-AND-

Leon R. Barson, Esq.
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
Telephone: 215.981.4424
Facsimile: 215.981.4750
barsonl@pepperlaw.com

*Proposed Counsel for the Debtors
and Debtors in Possession*